**IN THE COURT OF APPEALS OF IOWA**

No. 14-0376
Filed July 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CAROLJO JAMES TAYLOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Allamakee County, Richard D.

Stochl, Judge.


        A criminal defendant appeals from the district court's refusal to consider

his motions for correction of illegal sentence and for a restitution hearing.

**REVERSED AND REMANDED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, and Jill Kistler, County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Caroljo James Taylor pleaded guilty to two counts of sexual abuse in the third degree. Afterwards, Taylor filed through counsel a motion to reconsider, which the district court denied. Counsel withdrew. Taylor then filed a pro se motion for reconsideration and a pro se motion for correction of an illegal sentence. He also filed a financial affidavit and requested appointment of counsel. In a ruling filed December 4, 2013, a judge of the district court denied the two pro se motions and gave the clerk of court the following instructions: "Should the defendant file any additional motions for reconsideration, the clerk is ordered not to docket and/or file said motion for reconsideration. The clerk shall destroy any additional motions for reconsideration filed by the defendant." The district court also denied Taylor's request for appointment of counsel. No appeal was taken from the December 4 rulings.

On February 3, 2014, Taylor filed another set of pro se motions to correct an illegal sentence, to request a restitution hearing, and to replace the first judge on the case. On February 10, 2014, a second judge entered the following order: "This matter came before the court on motions and correspondence sent by defendant. Per the prior [December 4, 2013] order . . . [t]he motions shall not be considered. They shall be placed in the file with no further action." On March 3, Taylor filed a pro se notice of appeal from this order.

On April 21, 2014, Taylor filed another set of pro se motions for removal of a no-contact order, for release of work history, and for correction of criminal record. On the same day, a third judge of the district court entered an order

finding the district court lacked jurisdiction to consider these motions while the case was on appeal to the supreme court. Taylor filed a second notice of appeal from that order that was docketed in the same appeal case as the March 3 notice of appeal.

On appeal, Taylor contends the district court erred in refusing to consider his motions and refusing to appoint him counsel. We review the district court order for errors at law. Iowa R. App. P. 6.907. On our review, we find the judge of the February 10 order misread or misinterpreted the December 4 order. The December 4 order instructed the clerk to destroy future motions to reconsider, not all motions regardless of content. None of the February 3 motions renewed a motion to reconsider. The court should have addressed them, even if only to conclude that the issues raised by the motions had already been decided. We, therefore, reverse the February 10 order in its entirety and remand for the district court to address the merits of the February 3 motions.[1] On remand, the district court may determine if the motion for correction of an illegal sentence is a postconviction-relief claim. This disposition of the first appeal resolves the jurisdictional issue in the second appeal, i.e., the district court now has jurisdiction to resolve the matters it declined to review in the April 21 order.

**REVERSED AND REMANDED.**

---

[1] We do not believe the court rules contemplate a standing order directing the clerk of court to destroy or decline to docket motions that meet the technical requirements of a court filing.